**Affirmed and Memorandum Opinion filed February 25, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00135-CV

## TSA-TEXAS SURGICAL ASSOCIATES, L.L.P., RICHARD M. ALEXANDER, M.D., LUIS G. ECHEVERRI, M.D., AND ROBERT T. BALDWIN, M.D., Appellants

### V.

## GONZALO M. VARGAS M.D., Appellee

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2018-68916**

## MEMORANDUM OPINION

Today we must decide whether a partnership dispute among surgeons over the buyout of a partnership interest from a partner who no longer practices medicine implicates the Texas Citizens Participation Act (TCPA). According to the partnership and its other partners, the case involves "the provision of medical services by a health care professional [as] a matter of public concern" implicating the exercise of the right of free speech and "common interests" implicating the

exercise of the right of association.[1] The partnership and other partners moved to dismiss the lawsuit on these grounds under the TCPA. Concluding that the dispute is not related to the provision of medical services and does not involve "common interests" as we have held that expression is used in the applicable version of the TCPA, we affirm the trial court's denial of the motion.

## *Background*

Dr. Gonzalo M. Vargas was a thoracic surgeon and partner in the cardiovascular surgery group TSA-Texas Surgical Associates, L.L.P (TSA). His partners were Drs. Richard M. Alexander, Luis G. Echeverri, and Robert T. Baldwin. Vargas suffered a back injury that required surgery, and as a result, he was unable to continue practicing medicine. Consequently, Vargas notified TSA that he intended to retire.

The other partners presented Vargas with an offer to buy out his partnership interest. Vargas rejected the offer based on his assessment that it was for "an amount both substantially less than its fair market value and . . . not computed in accordance with the Partnership Agreement." Vargas alleges the attorney representing the other partners threatened to "squeeze [Vargas] out" of his partnership interest and said that Vargas would suffer "negative tax implications" by rejecting the offer. Vargas also alleges that he was denied the opportunity to review partnership books and records for nearly a year and the partnership illegally held his money.

---

[1] *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 510 (Tex. 2015) (citing applicable version of Tex. Civ. Prac. & Rem. Code § 27.001(7) (defining "matter of public concern" to include issues related to health or safety, community well-being, and the provision of services in the marketplace, among other things)). The TCPA was amended effective September 1, 2019; the version applicable here predates the amendment. *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-27.011 (amended by Acts 2019, 86th Leg., ch. 378 (H.B. 2730), § 1, eff. Sept. 1, 2019).

The partners also sent Vargas a Redemption Agreement that was executed by Alexander "as a managing partner and . . . allegedly as power of attorney for . . . Vargas." Vargas alleges the Redemption Agreement is "ineffective" and contains numerous false statements about his retirement date and the partnership's actions after Vargas announced his intentions to retire.

Vargas filed this lawsuit and brought claims for breach of contract, breach of fiduciary duty, conversion, conspiracy, money had and received (or alternatively unjust enrichment), and quantum meruit. Vargas sought actual and punitive damages, reformation of the Redemption Agreement, and a declaratory judgment addressing Vargas's rights under the Partnership Agreement and Redemption Agreement. TSA and the other partners moved to dismiss the lawsuit under the TCPA. The trial court denied the motion, and appellants timely filed this interlocutory appeal.

## *Discussion*

In two issues, appellants TSA, Alexander, Echeverri, and Baldwin challenge the trial court's denial of their TCPA motion to dismiss on the grounds that (1) the claims against them are encompassed by the TCPA because the claims are based on, related to, or in response to the exercise of the rights of free speech and association; (2) Vargas did not establish by clear and convincing evidence a prima facie case for each essential element of his claims, and (3) Vargas improperly removed certain claims from his petition, which appellants contend did not moot their motion to dismiss. Having concluded that appellants did not meet their burden to establish the TCPA applies, we do not address their remaining issues.

The TCPA was enacted "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect

3

the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002. It does so by authorizing a party to file a motion to dismiss a legal action that "is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." *Id*. § 27.003. Dismissal under the TCPA is determined on a claim-by-claim basis. *Republic Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, No. 14-19-00731-CV, 2020 WL 7626253, at *2 (Tex. App.—Houston [14th Dist.] Dec. 22, 2020, no pet. h.). The claims in this case are based on the same facts, so we analyze the claims together. *See id*.

The movant bears the initial burden to demonstrate by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. Tex. Civ. Prac. & Rem. Code § 27.005(b) (former version). If the movant satisfies this initial burden, then the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. *Id*. § 27.005(c). If the nonmovant does so, then the burden shifts back to the movant to establish by a preponderance of the evidence each essential element of a valid defense. *Id*. § 27.005(d) (former version). Whether the parties have met these respective burdens is a question of law that we review de novo. *Republic Tavern & Music Hall, LLC*, 2020 WL 7626253, at *2 (citing *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019)).

## I.     Exercise of the Right of Free Speech

Appellants argue that they met their initial burden to establish by a preponderance of the evidence that Vargas's claims are based on, related to, or in response to the exercise of free speech because the claims purportedly involve

communications regarding the provision of medical services. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 510 (Tex. 2015) ("We have previously acknowledged that the provision of medical services by a health care professional constitutes a matter of public concern."). We do not agree that Vargas's claims are based on communications regarding the provision of medical services because the communications at issue relate to Vargas's withdrawal from the partnership and occurred *after* Vargas stopped practicing medicine.

This case involves a private contract dispute affecting only the fortunes of the partners. *See Republic Tavern & Music Hall, LLC*, 2020 WL 7626253, at *3 (quoting *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019) ("A private contract dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words.")). The alleged representations were made to a limited business audience concerning a business dispute among the partners related to Vargas's withdrawal from the partnership. Because the statements are not relevant to a wider audience of potential patients, the statements were not made "in connection with a matter of public concern."[2] *See id*. The issues presented by this

---

[2] Appellants rely on several cases to support their argument that this case involves the provision of medical services as a matter of public concern. Each of the cases appellants cite involves communications regarding the actual provision of medical services, not a business dispute about buying out a partner's interest after he stopped practicing medicine. *See Lippincott*, 462 S.W.3d at 508-09 (involving alleged comments that nurse anesthetist "represented himself to be a doctor, endangered patients for his own financial gain, and sexually harassed employees"); *Price v. Buschemeyer*, No. 12-17-00180-CV, 2018 WL 1569856, at *1, 3 (Tex. App.—Tyler Mar. 29, 2018, pet. denied) (mem. op.) (involving statements that purportedly resulted in physician's removal from call group and call list rotation schedule for providing emergency urological care); *Columbia Valley Healthcare Sys., L.P. v. Pisharodi*, No. 13-16-00613-CV, 2017 WL 4416334, at *1 (Tex. App.—Corpus Christi Oct. 5, 2017, no pet.) (mem. op.) (involving statements by hospital purportedly meant to discredit neurosurgeon in the community and to the Texas Medical Board); *Mem'l Hermann Health Sys. v. Khalil*, No. 01-16-00512-CV, 2017 WL 3389645, at *2 (Tex. App.—Houston [1st Dist.] Aug. 8, 2017, pet. denied) (mem. op.) (involving statements about anesthesiologist's competence).

case are simply not a matter of public concern.

## II. Exercise of the Right of Association

We next address whether appellants met their initial burden to establish by a preponderance of the evidence that Vargas's claims are based on, related to, or in response to the exercise of the right of association. The exercise of the right of association is defined in the applicable version of the TCPA as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *See* Tex. Civ. Prac. & Rem. Code § 27.001(2) (former version).

We have defined the word "common" in the TCPA to mean "'of or relating to a community at large: public.'" *See Republic Tavern & Music Hall, LLC*, 2020 WL 7626253, at *5 (citing *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 476 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd w.o.m.) (op. on reh'g en banc), *Bandin v. Free & Sovereign State of Veracruz de Ignacio de la Llave*, 590 S.W.3d 647, 653–54 (Tex. App.—Houston [14th Dist.] 2019, pet. denied), and *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 576 (Tex. App.—Fort Worth 2019, pet. denied) (quoting Webster's Third New Int'l Dictionary 458 (2002)).[3] The only communications at issue in Vargas's claims are based on Vargas's allegations that

---

[3] We previously noted an argument could be made that there is a conflict in our case law between *Bandin*, 590 S.W.3d 647, and *Reeves v. Harbor America Central, Inc.*, No. 14-18-00594-CV, 2020 WL 2026527 (Tex. App.—Houston [14th Dist.] Apr. 25, 2020, pet. filed). *Republic Tavern & Music Hall, LLC*, 2020 WL 7626253, at *5 n.17. Both *Bandin* and *Reeves* involved allegations that a defendant had joined with at least one other person to unlawfully convert or misappropriate the claimant's property. *Id*. In *Bandin*, we held that membership in an alleged conspiracy does not implicate the right of association, but we held in *Reeves* that "a competing [business] enterprise" is a "common interest" sufficient to implicate the right of association, even though the enterprise allegedly was founded on misappropriated property. *Id*. We noted that even if a conflict exists, *Bandin*, as the earlier precedent, would control over later cases that do not distinguish or purport to apply it, absent a contrary decision by a higher court or by this court sitting en banc. *Id*.

appellants (1) breached the Partnership Agreement and breached their fiduciary duties by "making false statements and denying [Vargas] access to important records," (2) wrongfully assumed and exercised control over Vargas's partnership interest, (3) sought to deprive Vargas of his partnership interest, and (4) attempted to fraudulently induce Vargas "to surrender his stake in the venture below its proper value." These communications therefore are related to disagreements about Vargas's withdrawal from the partnership. These communications concern a private transaction between private parties, not a matter of "common interest," as we have held that expression is used in the applicable version of the TCPA. *See id*. at *6. Accordingly, the communications do not constitute an exercise of the right of association protected by the TCPA.

### *Conclusion*

Because appellants failed to meet their initial burden to prove by a preponderance of the evidence that Vargas's claims are based on, related to, or in response to their exercise of their rights of free speech or association, the burden never shifted to Vargas to establish a prima facie case for each element of his claims. We conclude appellants failed to establish that the TCPA applies to Vargas's claims against them. We affirm the trial court's order denying their motion to dismiss.


/s/    Frances Bourliot
Justice


Panel consists of Justices Bourliot, Hassan, and Poissant.